UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HAYLEY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:19-CV-00271 |
| | ) |
| BOS-STAR INC. and SENAD KESEROVIC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Hayley Jones ("Jones"), by counsel, brings this action against Defendants, BOS-Star Inc. ("BOS") and Senad Keserovic ("Keserovic", collectively "Defendants"), and shows as follows:

### OVERVIEW

1. Defendants failed to pay Jones in accordance with the minimum wage requirements of the Fair Labor Standards Act ("FLSA"), as well as the wage and hour requirements under Indiana state law. Specifically, Defendants failed to: (1) pay Jones for all hours she worked, including regular hours and (2) pay Jones the applicable minimum wage for periods of time over the last two (2) years. Moreover, BOS failed to pay Jones wages she earned as required by the Indiana Wage Payment Statute and violated Indiana Garnishment Law to the extent it reduced her wages in a manner not in accordance with Indiana law. Finally, BOS breached its contract with Jones and was unjustly enriched as a result of their failure to pay certain contractual expenses on behalf of Jones.

## PARTIES

2. Jones is an individual who resides in Tennessee. Defendants employed Jones within the meaning of the FLSA within the three year period preceding the filing of this complaint out of Fort Wayne, Indiana. At all times hereinafter mentioned, Jones was an employee as defined by 29 U.S.C. § 203(e)(1).

3. BOS is an Indiana domestic corporation located in Huntertown, Indiana. BOS is an "employer" within the meaning of 29 U.S.C. § 203(d).

4. Keserovic is an owner, member and/or officer of BOS. In this capacity, Keserovic is involved in the day-to-day operations of BOS. Keserovic has the authority to make decisions regarding wage and hour issues. At all relevant times, Keserovic had responsibility to act on behalf of, and in the interest of, BOS in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Jones. As a result, Keserovic is an "employer" within the meaning of 29 U.S.C. § 203(d).

5. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). They have engaged in interstate commerce.

## JURISDICTION

6. This Court has jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Jones's Indiana state law claims pursuant to 28 U.S.C. §1367 as they arise from the same common nucleus of operative fact.

## VENUE

7. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. §1391.

## FACTS

8. Defendants hired Jones on or about April 1, 2019.  Jones drove OTR for Defendants.

9. Defendants have construed Jones to be an independent contractor.  However, Jones is an employee as she is economically dependent on Defendants.

10. Defendants controlled the methods and means of Jones' employment.  Defendants provided Jones the semi truck she drove, paid all of the insurance, repair and fuel bills related to maintenance of the truck, and directed the routes and days that Jones was to work.  During her employment, Jones was unable to return home to care for her minor child as a result of Defendants' work demands.

11. Defendants hired Jones to transport and deliver goods on behalf of Defendants' customers.

12. Defendants were to pay Jones a minimum of $.50 per mile she drove.  Defendants never paid Jones any wages.

13. Defendants entered in to a written, contractual agreement with Jones.  Jones was not provided a copy of the agreement and, thus, cannot attach it to this Complaint.

14. Jones resigned on or about June 3, 2019, when she returned the truck to Defendants when she could not resolve the issue of why she was not being paid.

15. Jones never received any wages from Defendant.

16. Jones has been financially harmed as a result of Defendants' actions.

### COUNT I:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

17. Jones hereby incorporates paragraphs one (1) through sixteen (16) of her complaint as if the same were stated herein.

18. During the relevant time period, Defendants failed to pay Jones minimum wages in violation of 29 U.S.C. §§ 206.

19. Jones has suffered harm as a result of Defendants' unlawful conduct.

20. Defendants' actions were intentional, willful, and in reckless disregard of Jones's rights as protected by 29 U.S.C. §§201 *et. seq.* and 215(a)(3).

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA STATE LAW

21. Jones hereby incorporates paragraphs one (1) through twenty (20) of her complaint as if the same were stated herein.

22. During the relevant time period, Defendants violated the provisions of Indiana Code §22-2-5 *et. seq.* by failing to pay Jones the wages she earned.

23. Jones has suffered harm as a result of Defendants' unlawful conduct.

### COUNT III: BREACH OF CONTRACT

24. Jones hereby incorporates paragraphs one (1) through twenty-three (23) of her complaint as if the same were stated herein.

25. Defendants breached their contract with Jones by failing to pay her any wages.

26. Jones has suffered injury as a result of Defendant's unlawful conduct.

### COUNT IV: UNJUST ENRICHMENT

27. Jones hereby incorporates paragraphs one (1) through twenty-six (26) of her complaint as if the same were stated herein.

28. Defendants were unjustly enriched when it retained for itself wages owed to Jones..

29. Jones has suffered injury as a result of Defendants' unlawful conduct.

### COUNT V: UNLAWFUL DEDUCTIONS

30.     Jones hereby incorporates paragraphs one (1) through twenty-nine (29) of her complaint as if the same were stated herein.

31.     Defendants made unlawful deductions in violation of Indiana law.

32.     Jones has suffered injury as a result of Defendants' unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Jones respectfully requests that the Court grant her the following relief:

a.     Find Defendants in violation of the FLSA and order them to pay Jones unpaid back wages and liquidated damages in an equal amount;

b.     Find BOS in violation of Indiana Code §§22-2-5 *et. seq.* and order them to pay Jones her unpaid back wages, plus mandatory statutory liquidated damages;

c.     Find Defendants to have breached its contract with Jones and order BOS to pay Jones all amounts due and owing;

d.     Find Defendants to have made unlawful deductions in violation of Indiana law;

e.     Order Defendant(s) to pay Jones's fees incurred as a result of bringing this action;

f.     Order Defendant(s) to pay Jones's costs incurred as a result of bringing this action;

g.     An Order awarding Jones pre-judgment and post-judgment interest at the highest rates provided for by law; and

h.     An Order granting such other and further relief as may be necessary and appropriate.

                                        Respectfully submitted,

                                        /s/ Christopher S. Wolcott
                                        Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street Suite 500
Indianapolis, Indiana 46240
Telephone:     (317) 500-0700
Facsimile:     (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street Suite 500
Indianapolis, Indiana 46240
Telephone:     (317) 500-0700
Facsimile:     (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff