**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| HAYLEY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:19-CV-271-HAB |
| | ) |
| BOS-STAR INC. and SENAD | ) |
| KESEROVIC, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On June 19, 2019, Plaintiff filed her Complaint and Demand for Jury Trial (ECF No. 1), alleging, generally, that Defendants had failed to pay her wages from April 1, 2019, through June 3, 2019, for over-the-road trucking work performed by Plaintiff. Plaintiff alleged five counts: Failure to Pay Wages in Accordance with the Fair Labor Standards Act; Failure to Pay Wages in Accordance with Indiana State Law; Breach of Contract; Unjust Enrichment; and Unlawful Deductions. (*Id*. at 3–5). Defendant Senad Keserovic was served with the Complaint on June 28, 2019, and Defendant Bos-Star, Inc., was served on June 29, 2019. (ECF No. 4-1). As of the date of this Opinion and Order, neither Defendant has appeared or filed a responsive pleading.

Plaintiff filed her Application for Entry of Default (ECF No. 4), Motion for Default Judgment (ECF No. 5), and Petition for Fees and Costs (ECF No. 6)[1] on December 13, 2019. Plaintiff requests $784.74 for violation of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), $784.74 in liquidated damages under the FLSA, $1,700 for breach of

---

[1] Plaintiff's Motion for Default Judgment and Petition for Fees and Costs were procedurally out of order, as Federal Rule of Civil Procedure 55 requires that an entry of default precede an entry of default judgment. *Virgin Records Am., Inc. v. Johnson*, 441 F. Supp. 2d 963, 965 (N.D. Ind. 2006). However, since the Clerk's Entry of Default (ECF No. 7) has now been entered, the Court will rule on the pending motions.

contract, $3,400 in exemplary damages under the Indiana Wage Payment Statute, $415.30 in court costs, and $3,895 in attorney fees. In support of her requests, Plaintiff has submitted her own affidavit, the affidavit of her attorney, Christopher S. Wolcott, and a "Pre-Bill Worksheet" documenting attorney time spent on this matter.

**A.     Factual Background**

Plaintiff's Complaint alleges that she was hired on April 1, 2019, as an over-the-road truck driver to transport and deliver goods for Defendant's customers. The parties entered into a written agreement whereby Plaintiff would be paid fifty cents per mile driven; Plaintiff has not submitted the agreement to the Court because she claims to have never received a copy. Plaintiff was never paid as agreed and resigned on June 3, 2019.

Plaintiff provides some additional information in her affidavit. Plaintiff states that she logged fourteen hours per day, seven days per week working for Defendants. She did not drive alone, but instead drove with a trainer; the trainer would drive approximately eleven hours per day and Plaintiff would drive approximately three hours per day. Plaintiff states that she "drove more than 3400 miles during [her] employment . . ., but these are all the hours [she has] documented." (ECF No. 5–1 at 1). Plaintiff repeats that she was promised fifty cents per mile but received no payment from Defendants. Plaintiff "tried to reconcile" the payment issue with Defendants, but states that Defendants refused to discuss the matter with her.

**B.     Analysis**

Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not. *See United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks. *In re Catt*, 368 F.3d

789, 793 (7th Cir. 2004). The plaintiff must provide evidence of damages. 10 *Moore's Federal Practice*, § 55.32[1][d] at p. 55–45 (3d ed. 2013) ("The claimant must establish the amount of damages . . ."). Where a party uses affidavits to support its claim for damages, the evidentiary material offered should consist of material within the personal knowledge of the affiant and not hearsay and attached exhibits should be accompanied by sworn statements of the circumstances that would qualify them as full exhibits. *Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 4 (2nd Cir. 1970). Judgment cannot be entered based on claims of damages that are unsupported by admissible evidence. *See Cent. Laborers' Pension, Welfare and Annuity Funds v. Stormer Excavating, Inc.*, 2008 WL 5142159 (S.D. Ill. 2008).

**1.**     ***Indiana Wage Payment Statute Claim***

By its terms, the Wage Payment Statute, Ind. Code § 22-2-5-1 *et seq.*, "applies to current employees or those who voluntarily terminate their employment." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104-05 (7th Cir. 2008). Since Plaintiff alleges that she resigned her employment, the Wage Payment Statute applies.

Ind. Code § 22-2-5-1(a) provides that "[e]very person, firm, corporation, limited liability company, or association, their trustees, lessees, or receivers appointed by any court, doing business in Indiana, shall pay each employee at least semimonthly or biweekly, if requested, the amount due the employee." An employer that fails to pay wages as required "shall be liable to the employee for the amount of unpaid wages," costs, and a reasonable attorney's fee. Ind. Code § 22-2-5-2. In addition, if a court finds that the employer was not acting in good faith, "the court shall order, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due the employee." *Id.*; *see also Sallee v. Mason*, 714 N.E.2d 757, 764 (Ind. Ct. App. 1999); *Valadez v. R.T. Enters., Inc.*, 647 N.E.2d 331, 333 (Ind. Ct. App. 1995)

("the liquidated damages are mandatory"); *Stampco Constr. Co. v. Guffey*, 572 N.E.2d 510, 514 (Ind. Ct. App. 1991) ("We have interpreted IC § 22-2-5-2 to provide a penalty equal to double the unpaid wages in addition to the unpaid wages. The total maximum award may amount to three times the wages due.") (citations omitted).

The filings establish that Plaintiff drove at least three thousand four hundred miles over the course of her employment. At an agreed rate of fifty cents per mile, Plaintiff should have been paid $1,700.00. Plaintiff is entitled to this amount. In addition, Plaintiff is entitled to liquidated damages under Ind. Code § 22-2-5-2 in the amount of $3,400.00, or twice the unpaid wages. In addition, Attorney Wolcott has submitted an affidavit showing the time spent on this matter and the applicable rate, resulting in attorney's fees in a lodestar amount of $3,895.00. The Court finds this amount to be reasonable and appropriate. *Mathur v. Bd. of Trs. Of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (observing that lodestar amount is obtained by multiplying the number of hours an attorney reasonably worked on the litigation by a reasonable hourly rate); *Bankston v. State of Ill.*, 1995 WL 609269, at *1 (N.D. Ill. Oct. 13, 1995) (court should begin with lodestar amount in calculating reasonable attorney's fees in context of FLSA claim). Plaintiff has additionally documented costs in the amount of $415.30, consisting of the filing fee and certified mail costs.

In total, Plaintiff has demonstrated damages in the amount of $9,410.30. Plaintiff has requested judgment against both Defendants, which the Court construes as a request for joint and several liability. However, it is not clear to the Court that Defendant Keserovics can be held liable under the Wage Payment Statute. Unlike the FLSA, there is no definition of "employer" in the Wage Payment Statute. The list of responsible parties in I.C. § 22-2-5-1(a) is in the disjunctive, and the word "or" should ordinarily be given its literal and normal definition. *Dauge v. Piper Aircraft Corp.*, 418 N.E.2d 207, 211 (Ind. 1981). Because the list is in the disjunctive, the Court

concludes that the statute is not intended to impose liability on a person *and* a corporation, but instead a person *or* a corporation. Under Indiana law, corporate officers, even very senior ones, are not individually liable for a corporation's actions. *Comm'r, Dept. of Envtl. Mgmt. v. RLG, Inc.*, 755 N.E.2d 556, 559 (Ind. 2001). Therefore, the Court determines that only the corporate Defendant can be held liable under the Wage Payment Statute.

**2.     *FLSA Claim***

Section 206(a) of the FLSA established a federal minimum wage in the amount of $7.25. 29 U.S.C. § 206(a). Violation of federal minimum wage requirements entitles an aggrieved employee to unpaid wages and an additional equal amount as liquidated damages under Section 216(b) of the FLSA. 29 U.S.C. § 216(b), *held unconstitutional on other grounds by Alden v. Maine*, 527 U.S. 706, 119 (1999); *see also Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999) ("Section 216(b) sets the amount of liquidated damages as the amount of unpaid overtime compensation owed to the employee, plus an additional equal (doubled) amount.").

Unfortunately, the information provided in support of the request for a default judgment does not permit the Court to decide what, if anything, Plaintiff is entitled to under the FLSA. The Motion for Default Judgment indicates that Plaintiff worked 108.24 hours without being paid. (ECF No. 5 at 2). The Motion cites to Plaintiff's affidavit in support of this number. However, upon reviewing the affidavit (ECF No. 5–1), the Court finds no such calculation. Instead, the affidavit states that Plaintiff "logged 14 hours per day, seven days per week." (*Id*. at 1). This would mean Plaintiff logged ninety-eight hours per week. Over the course of her approximately eight-week employment, this would mean Plaintiff worked nearly eight hundred hours before her resignation. Even if one credited only the hours Plaintiff spent driving, this would still mean Plaintiff worked more than one hundred and sixty-eight hours (three hours per day x seven days

per week x eight weeks). Neither number equals, or is even close to, the number of hours stated in the Motion for Default Judgment.

Given the wide disparity of potential hours worked and the lack of definitive evidence, the Court will withhold ruling at this time on Plaintiff's damages under the FLSA. Instead, the Court will grant Plaintiff additional time to re-submit evidence in support of this claim. Upon receiving that evidence, the Court will enter a ruling on Plaintiff's damages.

**3.**     *Double Recovery*

Although Plaintiff has made a claim under the FLSA and the Wage Payment Statute, she is entitled to only one recovery. *See Collins v. Kibort*, 143 F.3d 331, 339-40 (7th Cir. 1998) ("[T]he law abhors duplicative recoveries.") (citation and quotation marks omitted); *see also Volk v. Coler*, 845 F.2d 1422, 1436 (7th Cir. 1988) (plaintiff may not receive two recoveries for the same alleged wrongs); ¶ 974 HYBRID FLSA/STATE LAW CLAIMS, 2014 WL 12882966 ("Thus, if plaintiffs are successful on a dual-filed wage claim, they cannot recover twice."). It would be the intent of the Court to award Plaintiff damages under the statutory scheme that results in the highest recovery. However, if Plaintiff believes that a different allocation would be proper, the Court will accept argument on that point when Plaintiff re-submits evidence in support of her FLSA claim.

**C.     Conclusion**

For the foregoing reasons, the Court WITHHOLDS ruling on Plaintiff's Motion for Default Judgment (ECF No. 5) and Petition for Fees and Costs (ECF No. 6). Plaintiff is granted until January 31, 2020, to submit additional admissible evidence in support of her FLSA claim. Failure on the part of Plaintiff to meet the deadline for submitting additional evidence will result in the entry of judgment in favor of Plaintiff and against Defendant Bos-Star, Inc. as set forth in Section B.1. above.

SO ORDERED on January 17, 2020.

                                   s/ Holly A. Brady
                                  JUDGE HOLLY A. BRADY
                                  UNITED STATES DISTRICT COURT