# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| HAYLEY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:19-CV-271-HAB |
| | ) |
| BOS-STAR INC. and SENAD KESEROVIC, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On June 19, 2019, Plaintiff filed her Complaint and Demand for Jury Trial (ECF No. 1), alleging, generally, that Defendants had failed to pay her wages from April 1, 2019, through June 3, 2019, for over-the-road trucking work performed by Plaintiff. Plaintiff alleged five counts: Failure to Pay Wages in Accordance with the Fair Labor Standards Act; Failure to Pay Wages in Accordance with Indiana State Law; Breach of Contract; Unjust Enrichment; and Unlawful Deductions. (*Id*. at 3–5). Defendant Senad Keserovic was served with the Complaint on June 28, 2019, and Defendant Bos-Star, Inc., was served on June 29, 2019. (ECF No. 4-1). As of the date of this Opinion and Order, neither Defendant has appeared or filed a responsive pleading.

Plaintiff filed her Application for Entry of Default (ECF No. 4), Motion for Default Judgment (ECF No. 5), and Petition for Fees and Costs (ECF No. 6) on December 13, 2019. This Court entered an Opinion and Order (ECF No. 8) on January 17, 2020, giving Plaintiff additional time to supplement her claim for damages under the Fair Labor Standards Act ("FLSA"). Consistent with the Opinion and Order, Plaintiff filed her Supplemental Motion for Default Judgment (ECF No. 9) on January 31, 2020.

### A. Factual Background

Plaintiff's Complaint alleges that she was hired on April 1, 2019, as an over-the-road truck driver to transport and deliver goods for Defendant's customers. The parties entered into a written agreement whereby Plaintiff would be paid fifty cents per mile driven; Plaintiff has not submitted the agreement to the Court because she claims to have never received a copy. Plaintiff was never paid as agreed and resigned on June 3, 2019.

Plaintiff provides some additional information in her supplemental affidavit. Plaintiff states that she logged fourteen hours per day, seven days per week working for Defendants. She did not drive alone, but instead drove with a trainer; the trainer would drive approximately eleven hours per day and Plaintiff would drive approximately three hours per day. Plaintiff states that she "drove more than 3400 miles during [her] employment." (ECF No. 9–1 at 1). Plaintiff states that, on average, she worked ninety-eight hours per week over her nine-week employment with Defendants, and that she quit when she discovered she was not being paid. Plaintiff "tried to reconcile" the payment issue with Defendants, but states that Defendants refused to discuss the matter with her.

### B. Analysis

Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not. *See United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The plaintiff must provide evidence of damages. 10 *Moore's Federal Practice*, § 55.32[1][d] at p. 55–45 (3d ed. 2013) ("The claimant must establish the amount of damages . . ."). Where a party uses affidavits to support its claim for damages, the evidentiary

material offered should consist of material within the personal knowledge of the affiant and not hearsay and attached exhibits should be accompanied by sworn statements of the circumstances that would qualify them as full exhibits. *Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 4 (2nd Cir. 1970). Judgment cannot be entered based on claims of damages that are unsupported by admissible evidence. *See Cent. Laborers' Pension, Welfare and Annuity Funds v. Stormer Excavating, Inc.*, 2008 WL 5142159 (S.D. Ill. 2008).

Plaintiff's Supplemental Motion does not include a discussion of her claim under the Indiana Wage Payment Statute, so the Court will assume that Plaintiff is now seeking damages under the FLSA alone. Section 206(a) of the FLSA established a federal minimum wage in the amount of $7.25. 29 U.S.C. § 206(a). Violation of federal minimum wage requirements entitles an aggrieved employee to unpaid wages and an additional equal amount as liquidated damages under Section 216(b) of the FLSA. 29 U.S.C. § 216(b), *held unconstitutional on other grounds by Alden v. Maine*, 527 U.S. 706, 119 (1999); *see also Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999) ("Section 216(b) sets the amount of liquidated damages as the amount of unpaid overtime compensation owed to the employee, plus an additional equal (doubled) amount."). Prevailing plaintiffs in FLSA suits are also entitled to reasonable attorney's fees and costs. *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 893 (7th Cir. 2001); *Small v. Rickard Wolf Med. Instruments, Inc.*, 264 F.3d 702, 707 (7th Cir. 2001).

Although Plaintiff's math is fuzzy, the Supplemental Motion does provide sufficient information for the Court to enter judgment. At ninety-eight hours per week, Plaintiff was owed $710.50 at the federal minimum wage. Over nine weeks, this amounts to $6,394.50. Plaintiff is entitled to this amount. Plaintiff is also entitled to an equal amount as liquidated damages. Plaintiff has also submitted evidence that her lodestar amount (hours worked times a reasonable rate) of

attorney's fees is $3,895.00, which this Court finds reasonable. *Small*, 264 F.3d at 707 ("To determine fees under the FLSA, the district court will generally follow the 'lodestar' approach, multiplying a reasonable hourly rate by the number of hours reasonably expended."). Plaintiff has further demonstrated $415.30 in costs, representing her filing fee and certified mailing charges. In total, Plaintiff has demonstrated damages in the amount of $17,099.30. This amount will be entered as judgment against Defendants jointly and severally, since both the corporate and individual defendants are "employers" under the FLSA. 29 U.S.C. § 203(d).

**C.      Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's Supplemental Motion for Default Judgment. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $17,099.30.

SO ORDERED on February 5, 2020.

 s/ Holly A. Brady
 JUDGE HOLLY A. BRADY
 UNITED STATES DISTRICT COURT